35 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John E. TURNER, Jr., Defendant-Appellant.
 No. 94-1164.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 2, 1994.
Decided Sept. 13, 1994.
 
 Before COFFEY, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted John E. Turner, Jr., of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced him to 120 months' imprisonment to be followed by three years of supervised release. On appeal, Turner contends that the district court erred in denying his motion to suppress the firearm as the fruit of an illegal seizure, and in excluding evidence that he was the victim of a drive-by shooting. We affirm.
 
 I. FACTS
 
 2
 On November 29, 1991, at approximately 1:00 a.m., Officers Ronald Gray and Richard Tyner were patrolling the east side of Indianapolis in marked squad cars when they heard a radio call of a disturbance in the vicinity of North Street and Oakland Avenue. Both officers knew this was a high-crime area where shootings were frequent. Officer Gray arrived in the area first, and saw Turner and a companion walking east on North Street, half a block west of Oakland Avenue. As Officer Gray approached the two youths, they cut through the yard of the house on the northwest corner of North Street and Oakland Avenue in Indianapolis. The youths were approximately one and one-half to two car lengths away when Officer Gray saw Turner put his hand in his coat pocket. Officer Gray started to ask the youths if they knew anything about the reported disturbance. He opened his car door and said, "Can you ...," in a normal tone. Turner and his companion looked at Officer Gray and started running. Officer Gray got out of his car and shouted, "Stop, police!". The youths ran in different directions.
 
 
 3
 At this time, Officer Tyner arrived on the scene. Officer Tyner saw Turner come around the house and run west on North Street, backtracking in the direction he had originally walked. Officer Tyner pursued him on foot, while Officer Gray chased his companion north on Oakland Avenue. Officer Tyner yelled, "Stop, police!" or "Police, stop!" two or three times, but Turner ignored him and kept running. As Turner ran past the next intersection, at North and Parker Streets, he pulled a Crown Royal bag from his coat and threw it in the bushes along the sidewalk. Officer Tyner heard a "thud" as the bag hit the ground. The chase continued north on Parker Street for another twenty-five to thirty yards when Turner stopped. Officer Tyner drew his gun, ordered Turner on the ground, and handcuffed him. When Officer Tyner retrieved the Crown Royal bag, he found a .32 caliber revolver and several rounds of ammunition inside.
 
 
 4
 On January 15, 1992, a grand jury returned a one-count indictment charging Turner with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Turner had been convicted of robbery, a class C felony, in Marion County Circuit Court in January 1988. Ind.Code Sec. 35-42-5-1.
 
 
 5
 On December 18, 1992, Turner filed a motion to suppress evidence on grounds that he was allegedly seized for Fourth Amendment purposes when Officer Gray first commanded him to stop, and that this seizure was illegal because Officer Gray lacked reasonable suspicion to believe Turner was involved in criminal activity. See Terry v. Ohio, 392 U.S. 1 (1968). According to Turner, the gun recovered by Officer Tyner was inadmissible as the fruit of his illegal seizure.
 
 
 6
 On February 5, 1993, the district court refused to suppress the gun. The court found that Turner was not seized at the time he threw down the revolver, and that even if he was seized, Officer Gray had reasonable suspicion to stop him, and thereafter had probable cause to arrest him for fleeing a law enforcement officer, a misdemeanor under Indiana law. Ind.Code Sec. 35-44-3-3.
 
 
 7
 On December 19, 1993, the government filed a motion in limine to preclude Turner from mentioning or introducing evidence that he was a victim of a drive-by shooting in 1986. The government argued that this evidence was irrelevant and unduly prejudicial. Fed.R.Evid. 401, 403. Turner responded that his victim status was relevant to explain his motive for fleeing the police and to negate the inference that his conduct reflected consciousness of guilt.
 
 
 8
 On January 4, 1994, the district court ruled that the alleged reason for Turner's flight, while a probative factor in determining the legality of a Terry stop, Tom v. Voida, 963 F.2d 952, 958 (7th Cir.1992), was irrelevant in establishing a Sec. 922(g)(1) violation and would prejudice the government's case and confuse and mislead the jury. The court prohibited Turner from presenting evidence of his victim status to explain his flight. The court likewise barred the government from arguing or suggesting that Turner's flight suggested guilt of the gun charge.
 
 
 9
 On January 5, 1994, the case was tried before a jury. The government had the burden of proving beyond a reasonable doubt that (1) Turner knowingly possessed a firearm; (2) Turner had a prior felony conviction; and (3) the firearm traveled in or affected interstate commerce. United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990). The parties stipulated to the last two elements, leaving the jury to resolve the question of whether Turner possessed the .32 caliber revolver on November 29, 1991. The jury returned a verdict of guilty. The district court sentenced Turner to 120 months in prison, to run consecutive to any other sentence he was currently serving, followed by three years of supervised release.
 
 II. DISCUSSION
 A. Suppression Motion
 
 10
 In California v. Hodari D., 499 U.S. 621 (1991), the Supreme Court held that a seizure occurs within the meaning of the Fourth Amendment only when a fleeing suspect submits to a show of police authority or is subjected to physical force by the police. 499 U.S. at 626. Thus, where the defendant fled at the sight of the police and threw down a rock which proved to be cocaine, no seizure was found, and the cocaine was deemed abandoned. Id. at 629.
 
 
 11
 Hodari D. forecloses Turner's constitutional claim. Turner led Officer Tyner on a foot chase, yielding to his authority only after pitching the gun. Turner was not seized until he stopped and thus came under Officer Tyner's control when they reached Parker Street in Indianapolis and was handcuffed by Officer Tyner. The gun which Turner abandoned while he was fleeing from Officer Tyner was not the fruit of a seizure for Turner had abandoned it. Therefore, it was lawfully recovered by the police officers. Tom, 963 F.2d at 957; see also, e.g., United States v. Hernandez, 1994 WL 278355 (9th Cir. June 24, 1994) (Sec. 922(g)(1) case involving abandoned firearm); United States v. Lender, 985 F.2d 151 (4th Cir.1993) (same); United States v. Vass, 814 F.Supp. 20 (E.D.Va.1993) (same). The district court did not clearly err in denying Turner's motion to suppress. United States v. McCarthur, 6 F.3d 1270, 1276 (7th Cir.1993); United States v. Adebayo, 985 F.2d 1333, 1337 (7th Cir.), cert. denied, 113 S.Ct. 2947 (1993).
 
 B. Motion in Limine
 
 12
 The district court acted within its discretion in granting the motion in limine. INB Banking Co. v. Iron Peddlers, Inc., 993 F.2d 1291, 1293 (7th Cir.1993). The sole issue at Turner's trial was whether he possessed a gun on November 29, 1991. Turner's alleged reasons for running from the police were immaterial to this issue because such evidence would not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401; see United States v. King, 897 F.2d 911, 915 (7th Cir.1990) (evidence of defendant's near-victim status in a shooting incident was not relevant to the jury's determination of whether the defendant possessed the gun for purposes of 18 U.S.C.App. Sec. 1202). Rule 402 thus proscribed the admission of evidence that Turner was the victim of a drive-by shooting. Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible.").
 
 III. CONCLUSION
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.