UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5542

RICHARD F. WIGGINS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CR-93-152)

Submitted: November 28, 1995

Decided: September 18, 1996

Before WILKINSON, Chief Judge, and
NIEMEYER and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William P. Robinson, ROBINSON, MADISON, FULTON &
ANDERSON, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Robert E. Bradenham, II, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Richard F. Wiggins, Jr., appeals his conviction for possession with intent to distribute 525 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C.A. § 841(a)(1), (b) (West 1981 & Supp. 1995), and 18 U.S.C. § 2 (1988). On appeal, Wiggins contends that the district court should have suppressed the crack cocaine because it was seized in violation of the Fourth Amendment and that the evidence was insufficient to convict him. Because we find that no Fourth Amendment violation occurred and that sufficient evidence supported Wiggins' conviction, we affirm.

I.

Law enforcement officers conducted drug interdiction at the Chesapeake Bay Bridge Tunnel's southbound toll plaza. Special Agent Koushel and Officer Yarborough testified that they approached a rental car stopped at the toll plaza and asked the occupants for permission to question them. Carl Douglas, the driver, agreed to answer the officers' questions, while Wiggins sat in the front passenger seat staring straight ahead. After telling Koushel that they had no drugs or weapons, Douglas consented to a search of the car rented for them by Wiggins' sister and of any containers in the car.

Douglas moved the car to the side of the road, and he and Wiggins exited the car. As Yarborough approached Wiggins on the passenger side of the car, Yarborough noticed a large bulge in Wiggins' right front pants pocket and asked Wiggins if he had any weapons. Yarborough reached out to pat Wiggins' pocket, but Wiggins turned and fled. Yarborough's hand brushed against the bulge in Wiggins' pocket as Wiggins passed him.

Wiggins ran toward a thicket of bushes and crawled through them, exiting on the other side. When he reappeared, the officers appre-

2

hended Wiggins and noticed that there was no bulge in his pocket. Koushel retraced Wiggins' path through the bushes and discovered a torn plastic bag and a brown paper bag containing six smaller packages of crack cocaine. Officers found the missing piece of the plastic bag inside Wiggins' pants. Based on this evidence, the district court denied the motion to suppress. The court found that Wiggins was not seized for Fourth Amendment purposes until after he fled and that the officers had a right to seize the abandoned crack cocaine, but the court noted that the Government had to prove at trial that it was Wiggins who had abandoned the crack cocaine. The court also found that the officers did not search the car nor did Yarborough frisk Wiggins in violation of the Fourth Amendment.

Wiggins then proceeded to trial.[1] The Government called Koushel and Yarborough as witnesses, and they testified about the events at the toll plaza. Other officers involved in the interdiction corroborated their testimony. In addition, Trooper Ardis testified that he watched Wiggins crawl through the bushes and that Wiggins reached into his pants and threw to the ground a plastic bag that tore and revealed a brown paper bag. Ardis identified the bags he saw Wiggins discard as the bags Koushel recovered from the bushes, and a forensic scientist testified that the bags found in the bushes contained 525 grams of crack cocaine.

The Government also called Douglas, the driver, as a witness.[2] Douglas testified that Wiggins picked him up in a rental car for a trip to New York to buy crack cocaine to sell in Virginia, as they had done on two or three prior occasions. Douglas said Wiggins paid approximately $10,000 for 539 grams of crack cocaine. Douglas stated that when he consented to the search of the vehicle, Wiggins removed the crack cocaine from where he had hidden it and put it inside his pants because he planned to flee.

The jury found Wiggins guilty of possession with intent to distribute crack cocaine. The court sentenced Wiggins to 188 months

_____

[1] Wiggins' first trial ended in a mistrial.
[2] Douglas pled guilty to possession with intent to distribute crack cocaine in state court and agreed to testify against Wiggins to avoid federal prosecution.

3

imprisonment, ordered five years of supervised release, and imposed a $50 special assessment. This appeal followed.

II.

A. Motion to suppress

Wiggins contends that the district court should have suppressed the crack cocaine because it was seized in violation of the Fourth Amendment. We review legal conclusions involved in the district court's suppression determination de novo but review factual findings underlying the legal conclusions subject to the clearly erroneous standard. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3285 (U.S. Oct. 13, 1992) (No. 92-5734).

Although Wiggins claims that Douglas--the driver--did not have the authority to consent to a search of the vehicle rented by Wiggins' sister and that Yarborough illegally seized him at the time he attempted to pat-down the bulge in Wiggins' pocket before Wiggins fled, the facts disclosed that no vehicle search, no frisk, and no search of Wiggins' person occurred because Wiggins fled. Therefore, the district court's factual determinations are not clearly erroneous. See Rusher, 966 F.2d at 873.

Moreover, Wiggins' decision to flee and then take the crack cocaine from his person and discard it in the bushes further supports the district court's denial of his suppression motion. The Supreme Court has held that a seizure does not occur for Fourth Amendment purposes unless physical force is applied or unless a person submits to a show of police authority. California v. Hodari D., 499 U.S. 621, 626 (1991). In Hodari D., the suspect fled when he saw the police and threw down a small rock which later proved to be cocaine. Id. at 622-23. The Supreme Court held that the suspect was not seized until the police apprehended him, and the abandoned cocaine was not the fruit of the suspect's seizure. Id. at 629. Like the defendant in Hodari D., Wiggins was not seized until the officers apprehended him. Further, because he abandoned the crack cocaine, Wiggins cannot challenge its seizure. Abel v. United States, 362 U.S. 217, 241 (1960); United States v. Flowers, 912 F.2d 707, 712 (4th Cir. 1990), cert. denied, 501

4

U.S. 1253 (1991). Therefore, we find that the district court's denial of Wiggins' motion to suppress the crack cocaine was proper.

B. Sufficiency of the evidence

Wiggins also claims that the evidence was not sufficient to convict him because the Government did not prove that he ever possessed the crack cocaine found in the bushes. We review sufficiency of the evidence deferentially, sustaining the verdict if the evidence--when viewed in the light most favorable to the government--is such that a rational trier of fact could find guilt beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser, 315 U.S. at 80.

A conviction for possession with intent to distribute crack cocaine requires proof of possession of the controlled substance both knowingly and intentionally with the intent to distribute it. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3792 (U.S. May 31, 1994) (No. 93-8210). Possession may be actual or constructive. Constructive possession may be established by circumstantial or direct evidence and exists when the government shows ownership, dominion, or control over the item, see Nelson, 6 F.3d at 1053, and knowledge of its presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992).

The evidence in this case easily satisfied the Glasser test.[3] Testimony at trial disclosed that Douglas saw Wiggins take the crack cocaine from its hiding place in the car and put it inside his pants because he planned to flee. When Wiggins exited the car, Yarborough saw a bulge in Wiggins' pocket that was not there after Wiggins crawled through the bushes. Koushel retraced Wiggins' path through the bushes and discovered a torn plastic bag and a brown paper bag

_____

[3] Wiggins does not dispute that 525 grams of crack cocaine evidenced an intent to distribute. See Nelson, 6 F.3d at 1053 (finding that intent to distribute may be inferred from drug quantities too large for personal consumption); Bell, 954 F.2d at 235 (finding over 13 grams of crack cocaine sufficient quantity to support inference of intent to distribute).

5

containing six smaller packages of crack cocaine. Officers found the missing piece of the plastic bag inside Wiggins' pants. Trooper Ardis identified the bags he saw Wiggins discard in the bushes as the ones Koushel recovered. Taking the evidence in the light most favorable to the Government, a rational trier of fact could find guilt beyond a reasonable doubt. See Glasser, 315 U.S. at 80.

Finally, Wiggins contends that the Government's case against him was based on conflict, confusion, and bias. We reject this contention because even if some facts support a contrary conclusion, we do not weigh the evidence or judge the credibility of witnesses. United States v. Reavis, 48 F.3d 763, 771 (4th Cir.) (citing United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989)), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316). We therefore find that the evidence was sufficient to convict Wiggins of possession with intent to distribute crack cocaine.

III.

Because the district court did not err in denying the motion to suppress and because the evidence was sufficient to convict Wiggins, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6