OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In the early afternoon of December 23, 1989, two police officers, Frederick Nelthrope and John Moynihan, were in uniform in a marked patrol car heading north on Amsterdam Avenue between 163rd and 164th Streets in Manhattan. A group of men stood talking near a known narcotics location. Officer Moynihan noticed an unidentified bulge in defendant’s right jacket pocket. As the patrol car approached, the defendant left the group and walked away. Officer Moynihan called to the defendant to come over. As Officer Moynihan exited the police car, defendant ran and the police officers gave chase. As he ran on 163rd Street, defendant threw a plastic bag through a chain link fence and into a courtyard. The police officers caught the defendant. Thereafter, one of them proceeded to the courtyard where he recovered the plastic bag containing crack cocaine.
Defendant’s motion to suppress was denied following a hearing. Subsequently, he pleaded guilty to criminal possession of a controlled substance in the fifth degree. The Appellate Division unanimously reversed, vacated the guilty plea, granted defendant’s motion to suppress, and dismissed the indictment (181 AD2d 27). A Judge of this Court granted leave to appeal (80 NY2d 930).
Police pursuit of an individual "significantly impede[s]” the person’s freedom of movement and thus must be justified by *1058 reasonable suspicion that a crime has been, is being, or is about to be committed (People v Martinez, 80 NY2d 444, 447). Flight, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit. The circumstance in People v Matienzo (81 NY2d 778) — which does indeed offer "valuable guidance” (see, dissenting mem, at 1060) — was that the defendant was seen exchanging a small plastic bag for money. In People v Martinez (supra), the defendant was observed removing a Hide-a-Key box, known to be used as a drug stash, from steel grate of a store window. In People v Leung (68 NY2d 734) the defendant was observed passing a manila envelope resembling "three dollar bags.” Flight alone, however, or even in conjunction with equivocal circumstances that might justify a police request for information (see, People v Hollman, 79 NY2d 181, 190; People v De Bour, 40 NY2d 210, 218-220), is insufficient to justify pursuit because an individual has a right "to be let alone” and refuse to respond to police inquiry (see, People v May, 81 NY2d 725, 727-728). These precedents establish principles to guide the police in what are often fast-developing encounters.
Applying these precedents, we agree with the Appellate Division that defendant’s motion to suppress should have been granted. While the police may have had an objective credible reason to approach defendant to request information — having observed him in a "known narcotics location” with an unidentified bulge in the pocket of his jacket — those circumstances, taken together with defendant’s flight, could not justify the significantly greater intrusion of police pursuit. Defendant was merely observed in the daytime, talking with a group of men on a New York City street. Given the unfortunate reality of crime in today’s society, many areas of New York City, at one time or another, have probably been described by the police as "high crime neighborhoods” or "narcotics-prone locations.” Moreover, a bulging jacket pocket is hardly indicative of criminality. As we have recognized, a pocket bulge, unlike a waistband bulge, "could be caused by any number of innocuous objects” (People v De Bour, 40 NY2d 210, 221, supra).
If these circumstances could combine with flight to justify pursuit, then in essence the right to inquire would be tantamount to the right to seize, and there would, in fact, be no right "to be let alone.” That is not, nor should it be, the law.
Finally, the Appellate Division’s determination that defendant’s relinquishment of the bag was in response to the *1059 unlawful police pursuit is a mixed question of law and fact supported by the record and thus beyond our review (see, People v Hollman, 79 NY2d, at 193-194, supra).