■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TODD WILLIAMS, Respondent. [607 NYS2d 347] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered

March 5, 1993, which suppressed physical evidence and a statement, unanimously affirmed.

In the early morning hours, the police responded to an anonymous radio message that there were "numerous male blacks auto stripping a green car with guns and knives" on a particular block. The police found three unarmed black men, including defendant, innocuously preparing to enter the only green car on the block. As the police blocked the car's movement, the men entered the car (in a manner described in police testimony as "frantic", but not found to be such by the hearing court), whereupon the four officers removed the men from the car at gunpoint and frisked them, finding nothing. While the police inspected a driver's license and another document produced by the driver, defendant re-entered the car and was physically removed by the police, who simultaneously discovered a pistol on the car seat next to defendant, of which defendant admitted ownership.

Defendant's motion to suppress was properly granted. Other than the vague, erroneous, and, therefore, worthless radio message (see, People v Havelka, 45 NY2d 636, 641), there was nothing to support the reasonable suspicion of criminality required for the forcible seizure (People v Hollman, 79 NY2d 181, 185), except the equivocal purported "flight" of the three men, which, in any event, standing alone, could not establish reasonable suspicion (People v Holmes, 81 NY2d 1056). Concur —Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.