OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division in
 
 People v Sierra
 
 should be affirmed. The order of the Appellate Division in
 
 People v Robbins
 
 should be reversed, defendant’s motion to suppress granted, and the indictment dismissed.
 

 At issue in both cases is solely the application of a well-settled principle: that a defendant’s flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit. Whether the circumstances known to the police in a particular case give rise to reasonable suspicion is a mixed question of law and fact beyond our review unless there is no evidence in the record to support the determination of the lower courts. We conclude that in
 
 Sierra
 
 there was evidence in the record to support the determination of reasonable suspicion, and in
 
 Robbins
 
 there was not.
 

 
 *930
 
 In
 
 Sierra,
 
 police officers patrolling a neighborhood of Washington Heights known to them as a "narcotics supermarket” for New Jersey residents, watched a man exit a parked vehicle with New Jersey license plates, walk toward defendant in response to defendant’s calling out "over here, over here,” and promptly turn and walk away upon spotting the police. These facts furnished an objective, credible reason to approach defendant. Defendant’s refusal to approach the cruiser and his subsequent flight gave rise to reasonable suspicion that he was committing or was about to commit a drug-related crime. Because the record supports the determination of both lower courts that the officers had reasonable suspicion to pursue defendant, defendant’s abandonment during the pursuit of a paper bag containing drugs was not precipitated by illegal police conduct and, accordingly, denial of suppression was proper.
 

 By contrast, in
 
 Robbins,
 
 the officers knew only that, after exiting from the back seat of a livery cab that had been stopped for defective brake lights, defendant grabbed at his waistband and then fled, facts which provided them with no information regarding criminal activity. As the factual record does not support a determination that the officers had reasonable suspicion to pursue defendant, evidence of the plastic bag containing drugs he abandoned in response to the illegal pursuit should have been suppressed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 In
 
 People v Sierra:
 
 Order affirmed in a memorandum.
 

 In
 
 People v Robbins:
 
 Order reversed, defendant’s motion to suppress granted and indictment dismissed in a memorandum.