■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL J. HUNT, Appellant. [620 NYS2d 650] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third and fifth degrees, defendant's sole contention is that the motion to suppress should have been granted. Assuming, arguendo, that the encounter from its inception constituted a forcible stop and detention of defendant, we conclude that the stop was justified because the arresting officer had reasonable suspicion based upon his observations of defendant and his companions *(see, People v Sierra,* 83 NY2d 928, 929-930; *People v Hollman,* 79 NY2d 181, 184-185; *People v De Bour,* 40 NY2d 210, 223). Prior to the stop, the officer observed defendant and his companions enter an apartment building known as a location for distribution and use of crack. Approximately 40 minutes later, the officer observed defendant and his companions "huddled" around the driver of a pickup truck at another location known to the officer as an area for narcotics dealing. The officer, who has 18 years of experience and is a member of the Narcotics Division, characterized the men's "mannerisms" as "indicative of somebody dealing in cocaine." Upon seeing the officer, the men left the pickup truck and walked together around the block. As the officer continued to follow them, the men engaged in various evasive and furtive actions, including splitting up (even though it was obvious that they were together), turning down alleyways, and, in the case of one of the men, pulling a ski mask over his face. Finally, when defendant emerged from the alleyway on the opposite side of the block and saw the officer waiting for him, defendant discarded something. That furtive conduct gave the officer ample reason to suspect defendant of possession of a controlled substance, thus authorizing him to stop and detain defendant in order to question him and investigate the nature of the discarded object. The discarded object proved to be crack cocaine, giving the officer probable cause to arrest defendant. (Appeal from Judgment of Ontario County Court,

Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Wesley, Callahan, Doerr and Boehm, JJ.