■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WIGGINS, Appellant. [628 NYS2d 282] —Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered March 2, 1994, convicting defendant, after a guilty

plea, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a prison term of $2^1/_2$ to 5 years, unanimously affirmed.

New York City Police Officers patrolling a drug prone neighborhood known for violent taxicab robberies properly approached defendant to request information (*see, People v De Bour*, 40 NY2d 210), after they observed defendant repeatedly grasping an object that formed a waistline bulge in his pants. Defendant's response to the officer's question that he was going to purchase marijuana, formed a predicate for a *Terry* stop. (*See, People v Hollman*, 79 NY2d 181.) Defendant's flight, before the officers exited their vehicle, formed the necessary predicate to pursue him. (*See, People v Sierra*, 83 NY2d 928, 929; *see also, People v Martinez*, 80 NY2d 444.) Defendant's abandonment of a .357 magnum as he fled was a calculated independent act to discard the weapon and thus he lacks standing to contest seizure of the property since he abandoned it. *(See, People v Boodle*, 47 NY2d 398, 402, *cert denied* 444 US 969.) Concur— Sullivan, J. P., Rubin, Asch and Williams, JJ.