■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE SELBY, Appellant. [632 NYS2d 589] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered September 30, 1994, convicting him of burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At approximately 5:00 A.M., a uniformed police officer observed the defendant walking away from the Pelmont Mobil gas station carrying a white bag. The officer had been dispatched to the gas station in response to a report that the silent burglar alarm there had been activated. The defendant was the only individual in the area. After the officer exited from his marked police car, he called to the defendant in an attempt to talk to him. The defendant ignored the officer and continued to hurry away. The officer observed that the glass door of the gas station's convenience store had been smashed. He called out to the defendant to stop and pursued him on foot. During the chase, the officer observed the defendant toss the white bag onto a driveway. The bag was later recovered and found to contain clothing and several cartons of cigarettes. The defendant was apprehended, frisked, and charged, inter alia, with burglary in the third degree. Loose change was recovered from the defendant's person as a result of the frisk. A further search of the defendant at the police station resulted

in the recovery of several rolls of coins and a clip of wrapped, single dollar bills.

After a hearing, the County Court denied the branch of the defendant's omnibus motion which was to suppress the physical evidence. The court found that the police officer's pursuit of the defendant was based upon a reasonable suspicion that the defendant had been involved in criminal activity. The court also found that the defendant's arrest was based on probable cause.

The defendant contends that the police officer lacked reasonable suspicion to pursue him and that the factual findings of the hearing court are erroneous as a matter of law.

Contrary to the defendant's contention, the prerequisite necessary to legally pursue a suspect, as set forth in *People v Holmes* (81 NY2d 1056) is not actual knowledge that a crime has been committed but, rather, a reasonable suspicion that a crime has been, is being, or is about to be committed. The reasonableness of the suspicion is based upon the totality of the circumstances *(see, People v Holmes, supra)*.

Under the circumstances of this case, we agree with the hearing court that the police officer had a reasonable suspicion of criminal activity to justify his pursuit of the defendant *(People v Martinez,* 80 NY2d 444). Moreover, issues of credibility are primarily for the hearing court to decide, and its findings are accorded great weight unless they are clearly erroneous *(see, People v Harley,* 139 AD2d 665; *People v Dove,* 130 AD2d 587, *lv denied* 70 NY2d 703). The record in this case reveals that the testimony of the police officers at the hearing was not incredible and the factual findings of the hearing court should not be disturbed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.