■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BALKMAN, Appellant. [716 NYS2d 537] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury trial convicting him of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that County Court erred in denying his motion to suppress the gun that was seized by the police because they lacked reasonable suspicion to stop him. Initially, we reject the People's contention that the court was barred by collateral estoppel from considering defendant's motion to suppress because, prior to his arrest for murder, defendant had pleaded guilty to possession of that weapon. He received youthful offender status and was sentenced to a term of probation. The gun was thereafter linked to the murder through ballistics testing.

We reject defendant's contention that the gun should have been suppressed. The record supports the court's determination that the police had reasonable suspicion to stop defendant (*see generally, People v De Bour,* 40 NY2d 210, 223). The police were part of a tactical unit that was patrolling an area in Rochester in which numerous shootings and two murders were reported in the weeks before defendant was stopped by the police in connection with his possession of the gun. A police officer advised two other officers that, according to her confidential informant, two young black males riding bicycles and wearing dark winter jackets (at the end of May) were carrying guns. Within an hour of receiving that information, the officers observed two men matching that description. The men turned onto another street when they saw the officers. Within 2 to 3 minutes, the men, who were talking with a group of people, were again observed by the officers. Defendant was observed holding the right side of his jacket and repeatedly inserting his hand into his right pocket. As the officers approached, the men rode away and the officers followed them. When an officer began to step from the car in order to speak to the men, defendant fled on foot. Defendant was holding the right side of his

jacket, and an officer observed defendant throw a gun to the ground. The gun was recovered approximately 20 feet from where defendant was apprehended. We conclude that the furtive actions of defendant, when considered together with the information from the confidential informant and defendant's flight, provided reasonable suspicion that defendant had committed, was committing or was about to commit a crime (*see, People v Sierra,* 83 NY2d 928, 930; *People v De Bour, supra,* at 223).

The sentence of 25 years to life is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.