(November 14, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ROLLOCK, Also Known as MICHAEL COOPER, Appellant. [715 NYS2d 64] —Judgment, Supreme Court, New York County (Martin Rettinger, J., at hearing; Arlene Silverman, J., at jury trial), rendered September 3, 1996, convicting defendant of one count of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 2 to 6 years and 1 to 3 years, respectively, unanimously reversed, on the law, the motion to suppress granted and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

While working security patrol at a jazz festival at Grant's Tomb, two officers were approached by an unidentified man and informed that defendant was present in the crowd and had been identified as a suspect in a Manhattan homicide in a recent newspaper article. One of the officers recalled that article since he had clipped it out and placed it in his locker at the stationhouse. However, no evidence was introduced concerning the accuracy of the article. When the officers approached defendant at a distance of about 10 feet and one of the officers yelled out his first name, defendant turned and ran. The officers pursued defendant through the crowd, finally grabbing and forcing him to the ground. When the officers picked him up, a gun fell out of his waistband and it was recovered, forming the basis for this prosecution. As the People commendably concede, the seizure of this weapon was not based on probable cause and was not justified based on the presence of exigent circumstances. The unidentified man's information was based on the same newspaper article with which one of the officers was familiar. There was no separate basis supporting the reliability of the unidentified informant, so probable cause for defendant's arrest cannot be based on the information he provided nor can it be based on the newspaper article of unknown accuracy (*see, People v Griminger*, 71 NY2d

635, 639). Defendant's flight, alone, cannot supply a basis for probable cause (*People v Holmes*, 81 NY2d 1056, 1058). The motion to suppress should have been granted. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.