OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *628
 
 On July 2, 1997 two police officers received radio reports about a gunpoint robbery involving three African-American men, two of whom had bicycles. According to one report, the victim, an African-American man dressed in all white clothing, was waiting for assistance on the corner of Mott and Central Avenues in Queens County. Less than a minute after receiving the report, the officers arrived at that location and observed defendant — an African-American male dressed in white carrying a white jacket. One of the officers got out of the car, approached defendant and inquired about his well-being. The officer also asked defendant to identify the direction the perpetrators fled, and to assist in canvassing the area.
 

 In a marked departure from the typical response of a crime victim to an offer of police assistance, defendant fled. The officers, now believing defendant might have been a perpetrator, gave chase. During the pursuit defendant threw his jacket to the ground. Police caught and handcuffed defendant. The jacket he abandoned contained a loaded .32 caliber revolver and 20 bags of marijuana. Defendant was charged with criminal possession of a weapon in the third degree and criminal possession of marijuana in the fifth degree.
 

 The court denied defendant’s motion to suppress the gun and marijuana and a jury convicted him on both counts. Defendant’s conviction was affirmed by the Appellate Division, with one Justice dissenting (281 AD2d 570).
 

 At issue in this case “is solely the application of a well-settled principle: that a defendant’s flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit”
 
 (People v Sierra,
 
 83 NY2d 928, 929 [1994];
 
 People v Holmes,
 
 81 NY2d 1056, 1057-1058 [1993]). “Reasonable suspicion represents that ‘quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand’ ”
 
 (People v Martinez,
 
 80 NY2d 444, 448 [1992], quoting
 
 People v Cantor,
 
 36 NY2d 106, 112-113 [1975]). “Because the determination that reasonable suspicion existed involves mixed questions of law and fact, we are bound by the findings of the courts below if there is evidence in the record to support them” (Martinez, 80 NY2d at 448;
 
 see People v Reyes,
 
 90 NY2d 916, 917 [1997];
 
 People v Bianchi,
 
 85 NY2d 1022, 1024 [1995]).
 

 Here, the temporal proximity between the reported robbery and the officers’ arrival on the scene, the matching description
 
 *629
 
 indicating defendant’s involvement and his flight — inconsistent with his status as a victim — provide record support for the determination of the courts below. Thus, the issue is beyond further review by this Court.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.