■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID AGRAMONTE, Appellant. [870 NYS2d 247]—

The court properly denied defendant's suppression motion. An officer saw defendant holding his hand over the front of his waist, partially obscuring what appeared to be the barrel of a derringer protruding from his waistband. Although this object

ultimately turned out to be a distinctively shaped belt buckle, the hearing court examined the buckle and made a determination that, from the officer's vantage point at the time of the incident, the buckle would have reasonably appeared to be a firearm. We find no reason to disturb that factual determination (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Moreover, the officer simply made a common-law inquiry, but defendant ignored the officer's attempts to engage him and, prior to any police action constituting a seizure, he "actively fled from the police" (*People v Moore*, 6 NY3d 496, 500-501 [2006]), which heightened the level of suspicion (*see People v Sierra*, 83 NY2d 928, 930 [1994]). Accordingly, defendant's abandonment of contraband during his flight from pursuit was not precipitated by any unlawful police conduct. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.