THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN A. STEPHENSON, Appellant. [932 NYS2d 159]—

Two police officers testified at the suppression hearing that they were in plain clothes in an unmarked police vehicle when they observed the defendant walking on a city street after midnight, adjusting a heavy object in his front waistband with his right hand. According to the officers' testimony at the hearing, the heavy object appeared to be a firearm, based on its shape and the manner in which the defendant held it, which the officers explained was as if the defendant were holding the butt or handle of a firearm. The officers further testified that, at the time they observed the defendant, a black plastic bag was hanging from the defendant's left forearm. When the defendant turned toward the officers, his eyes widened and he started to speed up. The officers alighted from their vehicle, identified themselves as officers, and the defendant began to run. One of the officers observed the defendant throw the plastic bag and,

as the chase continued, the defendant threw what appeared to be a small firearm through a window of a first floor apartment, causing it to discharge. Later, ammunition was recovered from the plastic bag, and the firearm and a spent casing were recovered from the apartment.

"The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the defendant's contention, there is no basis in the record to disturb the hearing court's credibility determinations. The hearing testimony established that, under all the circumstances of this case, the officers had reasonable suspicion to pursue the defendant (*see People v Pines*, 99 NY2d 525, 526-527 [2002]; *People v Sierra*, 83 NY2d 928, 929-930 [1994]; *Matter of George G.*, 73 AD3d 624 [2010]; *People v Woonbong Chang*, 275 AD2d 423 [2000]; *People v Gladden*, 267 AD2d 400 [1999]). Accordingly, the defendant's abandonment of the physical evidence and his subsequent spontaneous oral statement were not the products of an unlawful police pursuit, and the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the subject evidence.

The defendant's remaining contention has been rendered academic in light of our determination. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.