THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM CARMICHAEL, Appellant. [938 NYS2d 197]—

At approximately 7:00 P.M., in what police described as a high-crime area, the defendant was walking near another individual who was slowly riding his bicycle unlawfully on the sidewalk. According to the testimony of the arresting officers at the suppression hearing, as they pulled over their vehicle near the two individuals and began to approach the bicyclist, the defendant's "right arm tensed up towards his body beneath his coat or at his coat line area around the vicinity of his waistband." The defendant then immediately ran away. As the officers pursued the defendant, he discarded a gun and ammunition.

A suspect's flight alone or even his or her flight in conjunction with equivocal circumstances that might justify a police request for information is insufficient to justify pursuit (*see People v Holmes*, 81 NY2d 1056, 1058 [1993]; *People v Cadle*, 71 AD3d 689 [2010]; *People v Hope*, 237 AD2d 885 [1997]). However, flight, "combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit" (*People v Holmes*, 81 NY2d at 1058). Under the circumstances of this case, the "tens[ing]" of the defendant's arm "around the vicinity" of his waistband, even coupled with his flight from the officers, did not constitute specific circumstances indicative of criminal activity so as to establish the reasonable suspicion that was necessary to lawfully pursue the defendant (*id.*; *see People v Cadle*, 71 AD3d 689 [2010]; *see also People v Stevenson*, 7 AD3d 820 [2004]; *People v Moore*, 176 AD2d 297 [1991]). Since the officers' pursuit of the defendant was unlawful, and the defendant's disposal of the weapon during the pursuit was precipitated by the illegality and was not attenuated from it (*see People v Cadle*, 71 AD3d 689 [2010]; *see also People v Lopez*, 67 AD3d 708 [2009]; *cf. People v Boodle*, 47 NY2d 398 [1979], *cert denied* 444 US 969 [1979]), the discarded physical evidence should have been suppressed. Without that evidence, there could not be sufficient evidence to prove the defendant's guilt of criminal possession of a weapon in the second degree and, therefore, the indictment must be dismissed (*see People v Kevin W.*, 91 AD3d 676 [2d Dept 2012]; *People v Smalls*, 83 AD3d 1103 [2011]; *see also People v Rossi*, 80 NY2d 952 [1992]).

The defendant's remaining contentions need not be reached in light of our determination. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.