■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUDLOW L. HAYNES, Respondent. [981 NYS2d 542]—

Appeal by the People from an order of the Supreme Court, Nassau County (Peck, J.), dated May 2, 2013, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

At approximately 4:40 p.m., in an area where "a couple of shootings" had occurred "a couple months prior," the defendant was observed by two plainclothes detectives who were in an unmarked vehicle. The defendant, wearing a black hooded sweatshirt and black sweatpants, was walking on the sidewalk in the same direction as the vehicle was traveling. As the vehicle, which was moving at no more than 10 miles per hour, came up next to the defendant, he turned and made eye contact with one of the detectives. The defendant looked away and "grabbed his waistband area" in such a way that it "[s]eemed as if he had a bulge or something heavy that he was holding on the outside of his garments." The detectives drove past the defendant, made a U-turn, and came up behind the defendant, who had turned his back to them. As the detectives got out of the vehicle and approached the defendant, he ran. The detectives pursued him, and he discarded a gun during the pursuit.

A suspect's "[f]light alone . . . even [his or her flight] in conjunction with equivocal circumstances that might justify a police request for information, is insufficient to justify pursuit" (*People v Holmes*, 81 NY2d 1056, 1058 [1993]; *see People v Carmichael*, 92 AD3d 687, 688 [2012]). However, flight, "combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit" (*People v Holmes*, 81 NY2d at 1058).

Under the circumstances of this case, the defendant's "grabb[ing]" of his "waistband area" in such a way that it "[s]eemed" to the detectives that the defendant "had a bulge or something heavy that he was holding on the outside of his garments," did not constitute specific circumstances indicative of criminal activ-

ity so as to establish the reasonable suspicion that was necessary to lawfully pursue the defendant, even when coupled with the defendant's having made eye contact with the detectives and his flight from the detectives (*see People v Cady*, 103 AD3d 1155 [2013]; *People v Carmichael*, 92 AD3d 687 [2012]; *People v Cadle*, 71 AD3d 689 [2010]; *People v Harris*, 149 AD2d 730 [1989]; *cf. People v Byrd*, 304 AD2d 490 [2003]). As the detectives' pursuit of the defendant was unlawful, and the defendant's disposal of the weapon during the pursuit was precipitated by the illegality and was not attenuated from it (*see People v Carmichael*, 92 AD3d 687 [2012]; *People v Cadle*, 71 AD3d 689 [2010]), the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress the weapon. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.