■ In the Matter of REGGIE T., a Person Alleged to be a Juvenile Delinquent, Respondent. [993 NYS2d 27]—

---

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about March 12, 2013, which granted respondent's motion to suppress physical evidence, unanimously affirmed, without costs.

The court properly granted respondent's motion to suppress a weapon recovered from his person. The officer's credited

testimony failed to establish that he had the requisite suspicion to justify pursuing respondent, ordering him to stop and handcuffing him. The police received an anonymous tip that lacked a detailed description of the alleged criminal activity or its participants (*see generally People v De Bour*, 40 NY2d 210 [1976]). Respondent and his companions did not even match the limited descriptions of four alleged participants in a fight, and there was nothing to support an inference that they were likely to have been the same four persons described in the radio message, particularly since the events occurred on a busy street in the afternoon. Initially, there was nothing suspicious about the behavior of the four youths as the police arrived. Under all the circumstances, respondent's ensuing flight was insufficient to elevate the minimal level of preexisting suspicion to a level warranting pursuit (*see People v Holmes*, 81 NY2d 1056 [1993]). The manner in which respondent held his arms while fleeing was also equivocal. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.