508

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; Marcy L. Kahn, J., at jury trial and sentencing), rendered February 1, 2013, convicting defendant, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of six years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The court properly denied defendant's suppression motion. Defendant engaged in a pattern of suspicious behavior that reasonably appeared to be the result of his awareness of the presence of uniformed police. Among other things, defendant discarded a canister, and then ran away as the police came closer. Before defendant fled, the police merely had him under surveillance and did not pursue him (see People v Thornton, 238 AD2d 33, 36 [1st Dept 1998]). It is clear that defendant did not simply exercise his "right to be let alone," but "actively fled from the police" (People v Moore, 6 NY3d 496, 500-501 [2006]). Based on all these circumstances, the police at least had reasonable suspicion of criminality (see People v Woods, 98 NY2d 627 [2002]), which warranted a brief detention of defendant while the police recovered and inspected the canister, whereupon the discovery of drugs in the canister created probable cause for defendant's arrest. Furthermore, defendant abandoned the canister, and did not do so in response to any unlawful police activity. Moreover, the police also intended to issue a summons for littering in regard to the canister, and defendant's flight provided an additional justification for the pursuit and detention.

The hearing court also properly denied defendant's motion to suppress a statement he made during the processing of his arrest. Although defendant had not yet received Miranda warnings, defendant's admission about the contents of the canister was spontaneous and was not the product of interrogation or its functional equivalent (see People v Smith, 298 AD2d 182 [1st Dept 2002], lv denied 99 NY2d 585 [2003]).

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the inference that when the police saw de-

fendant make a throwing motion, defendant was throwing the canister that the police had previously seen in his hand, and that was found to contain drugs.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record, including counsel's strategic decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.