■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOCELYN CLERMONT, Appellant. [20 NYS3d 85]—

Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 15, 2014, upon remittitur from the Court of Appeals (22 NY3d 931 [2013]), which brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the amended judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

On October 15, 2006, at 9:15 p.m., Detective John Lunt and Officer Michael Duffy were on routine patrol in an unmarked vehicle in a neighborhood of Jamaica, Queens, known for gang activity. Detective Lunt had worked for the New York City Police Department for approximately 10 years, and had worked with the Queens Gang Squad for approximately six years. Detective Lunt observed the defendant and another man walking down the street. After observing the defendant make "constant adjustments" to the right side of his waistband, the

police officers stopped and exited their vehicle. Detective Lunt displayed his shield and identified himself as a police officer. The defendant ran in the opposite direction and Detective Lunt chased after him. During the pursuit, the defendant took a firearm from the right side of his waistband and threw it onto the ground. The defendant was apprehended soon thereafter.

Following a suppression hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the firearm. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]; *see People v Berrios*, 28 NY2d 361, 367-368 [1971]). In *People v De Bour* (40 NY2d 210 [1976]), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity (*see People v Moore*, 6 NY3d 496, 498-499 [2006]). The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality (*see id.* at 498; *People v De Bour*, 40 NY2d at 223). The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion (*see People v Moore*, 6 NY3d at 498-499). The third level permits a police officer to forcibly stop and detain an individual. Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime (*see People v De Bour*, 40 NY2d at 223; *see also People v Moore*, 6 NY3d at 499). The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime (*see People v De Bour*, 40 NY2d at 223; *see also People v Moore*, 6 NY3d at 499; *People v Hollman*, 79 NY2d 181, 184-185 [1992]).

In order to justify police pursuit, the officers must have "reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Holmes*, 81 NY2d 1056, 1058 [1993]). Reasonable suspicion has been defined as "that quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand" (*People v Martinez*, 80 NY2d 444, 448 [1992] [internal quotation marks and brackets

omitted]). A suspect's "[f]light alone . . . even [his or her flight] in conjunction with equivocal circumstances that might justify a police request for information, is insufficient to justify pursuit" (*People v Holmes*, 81 NY2d at 1058 [citations omitted]; *see People v Sierra*, 83 NY2d 928, 929 [1994]; *People v Carmichael*, 92 AD3d 687, 688 [2012]). However, flight, "combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit" (*People v Holmes*, 81 NY2d at 1058; *see People v Sierra*, 83 NY2d at 929-930; *see also People v Martinez*, 80 NY2d at 447).

Here, Detective Lunt's experience with gang activity, his awareness that he was in an area known for gang activity, and his observation that the defendant made "constant adjustments" to the right side of his waistband, did not constitute specific circumstances indicative of criminal activity so as to establish the reasonable suspicion that was necessary to lawfully pursue the defendant, even when coupled with the defendant's flight from the police (*see People v Haynes*, 115 AD3d 676, 676-677 [2014]; *People v Carmichael*, 92 AD3d 687 [2012]; *see also People v Cady*, 103 AD3d 1155 [2013]; *People v Stevenson*, 7 AD3d 820, 821 [2004]; *see generally Matter of Shakir J.*, 119 AD3d 792, 795 [2014]). Detective Lunt's observations were readily susceptible of an explanation that could be indicative either of innocence or guilt. The People failed to adduce testimony showing, for example, that the officers observed the defendant in possession of what appeared to be a gun or that the defendant's conduct in adjusting his waistband was indicative of gun possession (*cf. People v Pines*, 99 NY2d 525 [2002]; *People v Fletcher*, 130 AD3d 1063, 1064 [2015]; *People v Stephenson*, 89 AD3d 872, 872-873 [2011]; *People v Henderson*, 85 AD3d 663 [2011]). At most, the police had only a common-law right to inquire under the second level of *DeBour*. The defendant had a right to refuse to respond to the police inquiry (*see People v Stevenson*, 7 AD3d at 821), and his flight when the officers approached him did not, under the circumstances of this case, create a reasonable suspicion of criminal activity (*see People v May*, 81 NY2d 725, 728 [1992]; *cf. People v Martinez*, 80 NY2d at 448).

As the police officers lacked reasonable suspicion to pursue the defendant, the pursuit was unlawful, and the defendant's disposal of the weapon during the pursuit was precipitated by the illegality and was not attenuated from it (*see People v Haynes*, 115 AD3d at 677; *People v Carmichael*, 92 AD3d 687 [2012]). Thus, the Supreme Court should have granted that

branch of the defendant's omnibus motion which was to suppress the firearm. Without that evidence, there could not be sufficient evidence to prove the defendant's guilt of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Therefore, the indictment must be dismissed (*see People v Carmichael*, 92 AD3d at 688). Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.