■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVIAN FURRS, Appellant. [53 NYS3d 147]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered August 17, 2015, convicting him of criminal possession of a weapon in the second degree and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials are granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

The evidence at the defendant's pretrial suppression hearing established that, on July 9, 2014, at approximately 10:55 p.m.,

Police Officer Timothy Rizzo, Police Officer James Gherardi, and Sergeant Stephen Faber were on a routine patrol in an unmarked vehicle and in plainclothes in a neighborhood in Queens. The officers observed a vehicle fail to signal before making a right turn and roll through a stop sign. As the vehicle continued to move at approximately one or two miles per hour, the defendant exited the vehicle from a passenger door holding his waistband. Officer Gherardi, from the unmarked vehicle, yelled, "Police, stop." The defendant ran away from the officers. Officer Gherardi and Sergeant Faber exited the police vehicle and chased the defendant on foot, and Officer Rizzo chased the defendant in the vehicle. In less than thirty seconds, Officer Rizzo pulled the police vehicle onto the sidewalk, blocking the defendant's path. Once blocked, the defendant took a gun from his waistband and threw it through the bars of a wrought-iron fence. Officer Rizzo exited the vehicle and told the defendant to put his hands up. The defendant raised his hands holding a bag of marijuana and a cell phone. The defendant stated that he "just ha[d] weed." The police officers arrested the defendant and recovered the gun approximately two feet away from where the defendant was stopped.

At the conclusion of the suppression hearing, the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the firearm, the marijuana, and the defendant's statement regarding his possession of the marijuana. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree and criminal possession of marijuana in the fifth degree. The defendant appeals.

"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Clermont*, 133 AD3d 612, 613 [2015] [internal quotation marks omitted]; *see People v Berrios*, 28 NY2d 361, 367-368 [1971]; *People v Hernandez*, 40 AD3d 777, 778 [2007]). "In order to justify police pursuit, the officers must have 'reasonable suspicion that a crime has been, is being, or is about to be committed' " (*People v Clermont*, 133 AD3d at 613, quoting *People v Holmes*, 81 NY2d 1056, 1058 [1993]). "Police pursuit of an individual 'significantly impede[s]' the person's freedom of movement and thus must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Holmes*, 81 NY2d at 1057-1058, quoting *People v Martinez*, 80 NY2d 444, 447 [1992]). "A suspect's '[f]light alone . . . even [his or her flight] in conjunction with equivocal circumstances that might justify

a police request for information, is insufficient to justify pursuit' " (*People v Clermont*, 133 AD3d at 614, quoting *People v Holmes*, 81 NY2d at 1058; *see People v Sierra*, 83 NY2d 928, 929 [1994]; *People v Carmichael*, 92 AD3d 687, 688 [2012]). "However, flight, 'combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit' " (*People v Clermont*, 133 AD3d at 614, quoting *People v Holmes*, 81 NY2d at 1058; *see People v Sierra*, 83 NY2d at 929-930; *see also People v Martinez*, 80 NY2d at 447).

Here, the police officers' observations that the defendant exited a slow moving vehicle and held his waistband did not constitute specific circumstances indicative of criminal activity so as to establish the reasonable suspicion that was necessary to lawfully pursue the defendant, even when coupled with the defendant's flight from the police (*see People v Clermont*, 133 AD3d at 614; *People v Cadle*, 71 AD3d 689, 689 [2010]; *People v Grant*, 164 AD2d 170, 173 [1990]; *see also People v Carmichael*, 92 AD3d 687 [2012]). The People failed to adduce testimony showing, for example, that the police officers observed the defendant in possession of what appeared to be a gun or that the defendant's conduct in adjusting his waistband was indicative of gun possession (*see People v Clermont*, 133 AD3d at 614).

Since the police officers lacked reasonable suspicion to pursue the defendant, the pursuit was unlawful, and the defendant's disposal of the gun during the pursuit was precipitated by the illegality and was not attenuated from it (*see id.*; *People v Haynes*, 115 AD3d 676, 677 [2014]; *People v Carmichael*, 92 AD3d 687 [2012]). Therefore, that branch of the defendant's motion which was to suppress the gun should have been granted. Additionally, the marijuana and the defendant's statement should have been suppressed as the direct products of the unlawful pursuit (*see People v Brogdon*, 8 AD3d 290, 292 [2004]; *People v Foster*, 91 AD2d 1046, 1047 [1983]; *see also Wong Sun v United States*, 371 US 471, 488 [1963]).

Since the physical evidence and the defendant's statement should have been suppressed, there could not be legally sufficient evidence to prove the defendant's guilt of criminal possession of a weapon in the second degree and criminal possession of marijuana in the fifth degree. Therefore, the indictment must be dismissed (*see People v Clermont*, 133 AD3d at 615; *People v Carmichael*, 92 AD3d 687 [2012]). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.