People v Shakoor (2021 NY Slip Op 05639)





People v Shakoor


2021 NY Slip Op 05639


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Ind No. 2013/15 Appeal No. 14367 Case No. 2019-1028 

[*1]The People of the State of New York, Respondent,
v
Jaleel Shakoor, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), and Akin Gump Strauss Hauer & Feld, New York (Michaela E. Pickus of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered May 8, 2017, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the second degree and resisting arrest, and sentencing him to an aggregate term of five years, unanimously affirmed.
The court properly denied defendant's suppression motion in all respects. When police officers who were investigating a recent, nearby shooting saw defendant adjusting a large object that bulged from his waistband, suggesting the presence of a handgun rather than an innocuous object (see People v Benjamin, 51 NY2d 267, 271 [1980]), they had, at least, at least a common-law right to inquire. The record supports the conclusion that defendant fled upon being told to stop, rather than in response to a prior order by the police that defendant and his companions "disperse," which defendant ignored. Even if the police did not already have reasonable suspicion justifying pursuit, defendant's flight elevated the interaction to one of reasonable suspicion, justifying police pursuit, which led to the recovery of a handgun that defendant discarded (see People v Sierra, 83 NY2d 928, 929 [1994]).
The court also correctly determined that the People met their burden of proving, beyond a reasonable doubt, that defendant's statements to the police, made after receiving and waiving Miranda warnings, were voluntary under the totality of circumstances (see generally Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]). There is no evidence that defendant was so sleep-deprived and ill that he could not make a voluntary statement (see e.g. People v Ashline, 124 AD3d 1258, 1259 [4th Dept 2015], lv denied, 27 NY3d 1128 [2016]). None of the police interrogation tactics were fundamentally unfair (see People v Tarsia, 50 NY2d 1, 11 [1980]). In particular, the police did not expressly promise defendant leniency in exchange for his cooperation (see People v Rodriguez, 270 AD2d 956, 957 [4th Dept 2000], lv denied 95 NY2d 870 [2000]; People v Martinez, 133 AD2d 572, 574 [1st Dept 1987], lv denied 70 NY2d 957 [1988]). In any event, any error in admitting the statement was harmless under the circumstances of the case and defendant's trial strategy (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence, including the five-year period of
postrelease supervision.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021