People v Espada (2021 NY Slip Op 06332)





People v Espada


2021 NY Slip Op 06332


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Ind. No. 2414/16 Appeal No. 14616 Case No. 2018-02941 

[*1]The People of the State of New York, Respondent,
v
Joseph Espada, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered October 27, 2017, convicting defendant of robbery in the first degree, criminal possession of a weapon in the third degree and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 18 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the robbery conviction to 10 years, and otherwise affirmed.
The court properly denied defendant's suppression motion. A police officer saw defendant engaged in an animated dispute with a person the officer knew to be a store employee, with defendant "flailing" his arms, just outside the store's first set of exit doors, and then saw defendant run out of the store with the employee chasing him. This gave the police reasonable suspicion that a crime had been committed, and justified their pursuit and detention of defendant (see People v Sierra, 83 NY2d 928, 929 [1994]; People v Youmans, 228 AD3d 345 [1st Dept 1996]). The officer could have drawn a logical inference, at least for purposes of reasonable suspicion, that the store employee was chasing a suspected shoplifter. Furthermore, defendant continued to flee when the police told him to stop. When merchandise fell to the ground from inside defendant's clothing, this suspicion ripened into probable cause to arrest.
By failing to object, by making only generalized objections, and by failing to request further relief after the court took curative actions, defendant has failed to preserve his present challenges to the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Any overreaching on the prosecutor's part was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021