■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER HARRIS, Also Known as ALEXANDER MORRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 20, 1986, convicting him of criminal possession of a controlled substance in the seventh degree and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50. No questions of fact have been raised or considered.

The testimony at the suppression hearing disclosed that at approximately 11:50 P.M., two plain-clothes police officers in

an unmarked patrol car observed the defendant walking along a Brooklyn street. The defendant was wearing an open jacket and a button-down shirt. One of the officers observed a bulge at the defendant's right waistband under his shirt. The officer who observed the bulge did not otherwise describe it. The officers made a U-turn in their vehicle, and came up behind the defendant. One of the officers began to get out of the vehicle, and as he "started to announce [him]self as a police officer", the defendant ran. The officer pursued the defendant, seized him from behind in a bear hug, and felt a very heavy object where he had seen the bulge. Believing that the object was a gun, the officer plunged his hand into the defendant's waistband, and removed a handgun. A subsequent search of the defendant at the precinct revealed the presence of cocaine and drug paraphernalia on his person.

Contrary to the hearing court's determination, we find that under the circumstances herein, the officers did not have either reasonable suspicion to justify a stop and frisk *(see, People v Prochilo,* 41 NY2d 759; *People v Marquez,* 80 AD2d 837)*, or probable cause to believe that criminal activity was afoot *(see, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *People v Archie,* 136 AD2d 553, *lv dismissed* 71 NY2d 892)*. Accordingly, since the police officers' conduct was unlawful, all of the evidence recovered as a result thereof must be suppressed and the indictment dismissed *(see also, People v Wilkerson,* 64 NY2d 749). Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.