■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 29, 1990, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement of the police are granted, the indictment is

dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50.

Police Officer Kevin McCann, the sole witness at the suppression hearing, testified that at approximately 9:45 A.M. on November 6, 1989, he and three other officers went to an apartment building at 666 Willoughby Avenue in Brooklyn, an area described by Officer McCann as a "drug prone location" at which numerous shooting incidents had occurred, to execute an arrest warrant for a man named Williams. After conducting an unsuccessful search of the building for Williams and upon exiting the building, Officer McCann observed the defendant in the walkway to the building. When the defendant saw the officers, who were dressed in plainclothes with their shields displayed, emerged from the building, he proceeded quickly around the corner. Officer McCann followed the defendant and, while the other officers interviewed people in the street in an effort to find Williams, Officer McCann continued to observe the defendant, who was talking to one or two other individuals, for a period of about 5 to 7 minutes at a distance of approximately 8 to 10 feet. During this period, the defendant looked over his shoulder in Officer McCann's direction about 3 to 4 times. Officer McCann observed a bulge on the right side of the defendant's body at his waistband underneath his down jacket which was partially zippered. After he saw the defendant place his right hand on his waistband "[making] like an adjustment", Officer McCann approached the defendant, placed him against the wall of the building, conducted a pat-down search of the bulge and retrieved a .32 caliber revolver. Simultaneously with the pat-down search, the defendant blurted out "It's not my gun, I was about to give it to you".

The hearing court credited McCann's testimony and, concluding that his stop and frisk of the defendant was reasonable under the circumstances, denied suppression of the gun and the defendant's statement. We find that Officer McCann lacked reasonable suspicion to conclude that the defendant was engaged in criminal activity and that the Supreme Court therefore erred in denying the defendant's motion to suppress.

Under the totality of circumstances, Office McCann was authorized, at best, to exercise his common-law right of inquiry *(People v De Bour,* 40 NY2d 210, 213). In order to authorize the more significant intrusion which ensued, a more substantial predicate was required *(see, People v Harrison,* 57 NY2d 470, 476; *see also, People v Carrasquillo,* 54 NY2d 248,

252). A police officer may stop and detain a person in a public place when he entertains a reasonable suspicion that the person has committed, is committing or is about to commit a crime *(see,* CPL 140.50 [1]; *People v De Bour, supra).* In the course of an investigatory stop, a police officer may frisk the person so detained if he has a reasonable suspicion that he is in danger of physical injury because the person is armed *(see,* CPL 140.50 [3]; *People v De Bour, supra).* Reasonable suspicion may not be based on a vague or unparticularized hunch *(see, People v Sobotker,* 43 NY2d 559, 564). Nor will innocuous or even equivocal behavior generate a founded suspicion of criminality *(see, People v De Bour, supra,* at 216).

The defendant's behavior during the time he was being observed by Officer McCann was of a totally innocuous nature. The defendant's action in looking over his shoulder several times and placing his hand on his waistband as though he were adjusting something is readily susceptible of an innocent as well as a guilty interpretation *(see, People v De Bour, supra).* Hence, Officer McCann's pat-down search of the defendant was improper and all the evidence recovered as a result thereof must be suppressed. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.