■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY STEVENSON, Appellant. [779 NYS2d 498]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered October 1, 2002, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giacobbe, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Richmond County, for the purpose of entering an order, in its discretion, pursuant to CPL 160.50.

Initially, it is noted that the defendant did not waive his right to appeal at the time of the plea.

Contrary to the prosecution's contentions, the arresting detective did not have reasonable suspicion to believe that the defendant had committed or was about to commit a crime (see People v Harris, 149 AD2d 730 [1989]; People v Lewis, 49 AD2d 558 [1975]). As the detective sat in an unmarked minivan, he observed the defendant walk past the van, and he noted that the defendant had a bulge in the center of his waistband. The detective saw the defendant adjust his clothing around the bulge several times. The detective did not indicate that the bulge had the outline of a weapon, and he was unable to describe it in any further detail. These observations were readily susceptible of an innocent as well as a guilty explanation, and therefore were not sufficient to permit the detective to forcibly detain or frisk the defendant (see People v De Bour, 40 NY2d 210, 216 [1976]; People v Moore, 176 AD2d 297, 299 [1991]).

Under *People v De Bour* (*supra* at 223), and *People v Hollman* (79 NY2d 181, 184-185 [1992]), the detective's observations justified, at most, a common-law inquiry to determine whether criminal activity was afoot. Therefore, the detective acted properly when he approached the defendant and asked him if he had a weapon. However, when the defendant did not respond, the detective placed him against a fence and frisked him. The defendant had the right to refuse to answer the detective's questions, and the fact that he did not answer did not justify a further intrusion (*see People v Howard*, 50 NY2d 583, 586 [1980], *cert denied* 449 US 1023 [1980]; *see also Matter of Melissa O.*, 217 AD2d 1 [1995]). Accordingly, in the absence of any testimony which would indicate that the detective was in fear for his safety or had other information indicative of criminality, the stop and frisk of the defendant was not justified, and the evidence which was obtained therefore should have been suppressed. Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.