■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CORREA, Appellant. [909 NYS2d 69]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; James A. Yates, J., at plea and sentence), rendered December 4, 2008, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. Police investigating a possible narcotics transaction in an apartment building had an objective, credible reason to make a common-law inquiry of defendant. The officers were in the stairwell of a crime-ridden location when defendant descended the stairs, made eye contact with one of the officers, grabbed at a large bulge in his pocket, and turned to walk back up the stairs (*see e.g. People v Flores*, 226 AD2d 181 [1996], *lv denied* 88 NY2d 985 [1996]). The record fails to support defendant's assertion that the police saw the bulge only after they had already made a level-two inquiry, or his characterization of the police action in following him up a stairway as "pursuit." Instead, the police did no more than "follow defendant while attempting to engage him," which is within the scope of a level-two inquiry (*People v Moore*, 6 NY3d 496, 500 [2006]). When defendant engaged in additional suspicious conduct regarding the bulge in the pocket, the officers were justified in taking self-protective measures by removing him from the stairwell into the hallway and patting down the bulge, which led to the discovery of a firearm. Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.