■ The People of the State of New York, Respondent, v Ian M. Harris, Appellant. [997 NYS2d 481]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered August 8, 2012, convicting him of criminal possession of a weapon in the second

degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, in an order of the same court (Paynter, J.), dated February 29, 2012, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are granted, the indictment is dismissed, the order dated February 29, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On September 3, 2011, at approximately 10:40 p.m., two police officers were patrolling in an area with a high incidence of burglaries. According to Police Officer Castillo, who testified at a suppression hearing, as his partner drove the police vehicle, he saw the defendant standing on the sidewalk smoking a cigarette, in front of a gate to a house. As the officers' marked vehicle approached, the defendant looked in their direction and then entered the property through the gate, walking on the driveway while still smoking a cigarette. Because the house was dark and the grass was uncut, Officer Castillo believed the house was abandoned. After the officers stopped at the house and exited their vehicle, Officer Castillo observed the defendant, who noticed them exit and turned his back to them, make a motion as if shoving something in his front waistband. The officers entered the driveway, and the defendant turned to face them, with the cigarette still in his hand. As Officer Castillo got closer, he observed a bulge in the defendant's "mid-waist area" where his shirt was "ruffled," and "there seemed to be a hard object sticking out." Without conducting any meaningful inquiry, Officer Castillo immediately conducted a pat-down search of the bulge, which felt like the butt of a gun, and then recovered a gun and arrested the defendant.

Prior to trial, the defendant moved, inter alia, to suppress the gun and his subsequent statements to law enforcement officials. The Supreme Court denied the motion.

In *People v De Bour* (40 NY2d 210 [1976]), the Court of Appeals established a "graduated four-level test for evaluating street encounters initiated by the police" (*People v Moore*, 6 NY3d 496, 498 [2006]). The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective credible reason,

not necessarily indicative of criminality (*see id.*; *People v De Bour*, 40 NY2d at 223). The second level, known as the "common-law right of inquiry," requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion short of a forcible seizure (*People v Moore*, 6 NY3d at 498; *People v De Bour*, 40 NY2d at 223). The third level permits a seizure, meaning that a police officer may forcibly stop and detain an individual, based upon a reasonable suspicion that an individual is committing, has committed, or is about to commit, a crime (*see People v Moore*, 6 NY3d at 498-499; *People v De Bour*, 40 NY2d at 223). Finally, the fourth level authorizes an arrest based on probable cause to believe that a person has committed a felony or misdemeanor (*see People v Moore*, 6 NY3d at 499; *People v De Bour*, 40 NY2d at 223).

Here, those branches of the defendant's omnibus motion which were to suppress the gun and his statements should have been granted. Assuming that Officer Castillo was justified in conducting a common-law inquiry, he lacked reasonable suspicion to believe that the defendant posed a threat to his safety when he conducted a pat-down search of the bulge in his waistband (*cf. People v Benjamin*, 51 NY2d 267, 271 [1980]; *People v Correa*, 77 AD3d 555 [2010]). The police were not responding to a report of a crime involving a weapon and, at most, suspected the defendant of being involved in the burglary of an abandoned house (*cf. People v Davenport*, 92 AD3d 689, 690-691 [2012]). In addition, "[a]n unidentifiable bulge which is 'readily susceptible of an innocent as well as a guilty explanation' is not sufficient to justify a pat-down search" (*People v Kennebrew*, 106 AD3d 1107, 1109 [2013], quoting *People v Stevenson*, 7 AD3d 820, 820 [2004]; *see People v Moore*, 176 AD2d 297, 299 [1991]). The waistband bulge as described by Officer Castillo only permitted him to ask the defendant if he was carrying a weapon based on a founded suspicion that criminality was afoot (*see People v Garcia*, 20 NY3d 317, 324 [2012]; *People v Stevenson*, 7 AD3d at 820-821). Moreover, Officer Castillo did not testify that the defendant, upon turning to face the officers, reached for or had his hand on the bulge, or made any threatening or menacing gesture (*cf. People v Benjamin*, 51 NY2d at 271; *People v Samuels*, 50 NY2d 1035, 1037 [1980]; *People v Davis*, 106 AD3d 144, 151 [2013]; *People v Davenport*, 92 AD3d at 690-691; *People v Wyatt*, 14 AD3d 441, 441-442 [2005]; *People v Moyaho*, 12 AD3d 692, 693-694 [2004]). Under the totality of the circumstances, Officer Castillo was not justified in searching the defendant's waistband bulge as a minimally intrusive self-protective measure. Accordingly, the hearing court should have granted those branches of the defendant's omnibus

motion which were to suppress the physical evidence and his subsequent statements to law enforcement officials. Since, in the absence of the suppressed evidence, there is insufficient evidence to prove the defendant's guilt, the indictment must be dismissed (*see People v Carmichael*, 92 AD3d 687, 688 [2012]).

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.