■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SEVERINO, Appellant. [5 NYS3d 304]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered August 5, 1998, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree, upon his plea of

guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the defendant's motion to suppress physical evidence is granted, and the indictment is dismissed.

Contrary to the People's contentions, the arresting officer did not have reasonable suspicion to believe that the defendant had committed or was about to commit a crime (*see People v Stevenson*, 7 AD3d 820 [2004]; *People v Harris*, 149 AD2d 730 [1989]; *People v Lewis*, 49 AD2d 558 [1975]). The officer briefly observed what he initially characterized only as a "bulge" on the right side of the defendant's pants. Despite this initial characterization, the officer later testified that he thought he had observed a holster, which turned out to be a buckle attached to the right side of the defendant's pants. This observation, without more, was not sufficient to permit the officer to forcibly detain the defendant (*see People v De Bour*, 40 NY2d 210, 216 [1976]; *People v Stevenson*, 7 AD3d at 820; *People v Moore*, 176 AD2d 297, 299 [1991]). Accordingly, the physical evidence recovered from the defendant as a consequence of the unlawful detention and arrest should have been suppressed, and, without that evidence, there was no basis for the defendant's convictions of criminal possession of a controlled substance in the third and seventh degrees. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.