■ The People of the State of New York, Respondent, v Troy Q. Casey, Appellant. [52 NYS3d 377]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered December 22, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress physical evidence. On a motion to suppress, the People bear the burden of going forward to establish the legality of police conduct in the first instance (*see People v Whitehurst*, 25 NY2d 389, 391 [1969]; *People v Blinker*, 80 AD3d 619, 620 [2011]; *People v James*, 72 AD3d 844 [2010]). Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure (*see People v Grant*, 83 AD3d 862, 863 [2011]; *People v Clough*, 70 AD3d 474 [2010]).

Here, the hearing evidence, including a police officer's testimony that he observed a "bulge" in the defendant's pocket that caused his pants to "sag" and that appeared to be an object that was larger than a cell phone, established grounds for the officer to ask the defendant whether he had a weapon (*see People v Moret*, 240 AD2d 321 [1997]; *see also People v Harris*, 122 AD3d 942, 944 [2014]). The officer testified that the defendant then admitted that he possessed a gun, giving rise to reasonable suspicion for the search of the defendant's person

(*see People v De Bour*, 40 NY2d 210, 233 [1976]; *see also People v Williams*, 143 AD3d 847, 848 [2016]).

Furthermore, contrary to the defendant's contention, the Supreme Court did not err in crediting the hearing testimony of the arresting officer. The credibility determinations of a hearing court, which saw and heard the witnesses at the hearing, are entitled to deference on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Wallace*, 128 AD3d 866, 866 [2015]; *People v Davis*, 103 AD3d 810, 811 [2013]). Here, the credibility determinations of the court were not clearly unsupported by the record.

The defendant failed to preserve for appellate review his challenges to certain of the prosecutor's summation remarks (*see* CPL 470.05 [2]; *People v Paul*, 82 AD3d 1267, 1268 [2011]). In any event, the summation, as a whole, was responsive to the defense summation, and did not deprive the defendant of a fair trial (*see People v Morrow*, 143 AD3d 919, 921 [2016]; *People v Ferraro*, 49 AD3d 550, 551 [2008]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.