The People of the State of New York, Appellant,
against
Jehad Alali, Respondent.




District Attorney Queens County (John M. Castellano, Johnnette Traill,
Nancy Fitzpatrick Talcott, Deborah E. Wassel of counsel), for appellant.
Michael D. Horn, Esq., for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered March 4, 2016. The order, after a hearing, granted defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered February 17, 2015 convicting him, upon his plea of guilty, of harassment in the second degree and to withdraw his guilty plea, and restored the case to the calendar.




ORDERED that the order is affirmed.
In November 2014, following an incident between defendant and his wife, defendant was arrested and charged with assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). On February 17, 2015, in satisfaction of the docket, defendant, who has resided in the United States as a permanent resident alien since December 2011, pleaded guilty to harassment in the second degree and was sentenced to a conditional discharge. In July 2015, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction and to withdraw his guilty plea on the grounds that his plea had not been entered into knowingly and voluntarily, and that he had received the ineffective assistance of counsel since his attorney had failed to advise him that his plea would subject him to deportation (see Padilla v Kentucky, 559 US 356 [2010]). A hearing was held, following which the Criminal Court granted [*2]defendant's motion and restored the case to the calendar. This appeal by the People ensued.
Where the deportation consequences of a conviction are "truly clear . . . the duty to give correct advice is equally clear" (Padilla v Kentucky, 559 US at 369). In People v Peque (22 NY3d 168, 191 [2013]), the Court of Appeals stated that "because deportation is so closely related to the criminal process and carries such high stakes for noncitizen defendants, a defense attorney deprives a noncitizen defendant of his or her Sixth Amendment right to the effective assistance of counsel by failing to advise, or by misadvising, the defendant about the immigration consequences of a guilty plea" (see also Padilla v Kentucky, 559 US at 366-374).
The credibility determinations of a hearing court, which saw and heard the witnesses at the hearing, are entitled to great deference on appeal and should not be disturbed unless clearly unsupported by the record (see People v Casey, 149 AD3d 770 [2017]; People v Wallace, 128 AD3d 866 [2015]). A review of the record indicates that the Criminal Court properly found that defendant had established that his plea attorney had misadvised him that his plea of guilty to harassment in the second degree would have no immigration consequences. Under federal law, defendant's conviction of harassment in the second degree—based on his use, or threatened use, of physical force against his spouse—constitutes a crime of domestic violence for which defendant faces automatic deportation pursuant to 8 USC § 1227 (a) (2) (E) (i) (see 18 USC § 16 [a]). Consequently, defendant satisfied the first prong of the test set forth in Strickland v Washington (466 US 669, 687 [1984]) for determining a claim of ineffective assistance of counsel, by showing that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms (see Padilla v Kentucky, 559 US 356; People v Turner, 5 NY3d 476 [2005]; People v Benevento, 91 NY2d 708, 713 [1998]).
Defendant also satisfied the second prong of the Strickland test by adequately showing that there is a reasonable probability that, but for his attorney's misadvice, he would not have pleaded guilty and would have insisted on going to trial (see Hill v Lockhart, 474 US 52, 59 [1985]; People v Hernandez, 22 NY3d 972, 974-975 [2013]). Moreover, under the New York State standard for the determination of claims of ineffective assistance of counsel, viewing the fairness of the process as a whole (see People v Ozuna, 7 NY3d 913, 915 [2006]), we find that defendant's attorney failed to provide defendant with meaningful representation (see NY Const, art I, § 6; People v Caban, 5 NY3d 143, 156 [2005]; People v Ford, 86 NY2d 397 [1995]; People v Johnson, 71 AD3d 1048 [2010]; see also US Const Amend VI; Strickland v Washington, 466 US 688).
The People's remaining contentions are unpreserved for appellate review.
Accordingly, the order is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017