People v Lamar (2019 NY Slip Op 08701)





People v Lamar


2019 NY Slip Op 08701


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-08432
 (Ind. No. 6690/16)

[*1]The People of the State of New York, respondent,
v
Avree Lamar, appellant.


Paul Skip Laisure, New York, NY (Sean Nuttall of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra Mullen, J., at plea; Matthew Sciarrino, Jr., J., at sentencing), rendered June 22, 2017, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing (Cassandra Mullen, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress a firearm recovered during a search of the defendant's person incident to an arrest. "The credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Watson, 163 AD3d 855, 856-857 [internal quotation marks omitted]; see People v Casey, 149 AD3d 770, 771). Contrary to the defendant's contention, the hearing testimony of a police officer that he was aware of an open arrest warrant for the defendant before the officer pursued, stopped, and arrested the defendant was not incredible or patently tailored to meet constitutional objections. "Nothing about the officer's testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v James, 19 AD3d 617, 618). Moreover, in exercising our factual review power, we discern no basis in the record to disturb the hearing court's credibility determination (see People v Granger, 122 AD3d 940, 941). Therefore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the firearm.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court