The People of the State of New York, Respondent,
against
Sylvia Panetta, Appellant. 




Sylvia Panetta, pro se, and Richard L. Herzfeld, for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Steven W. Brockett, J.), rendered September 3, 2015. The judgment convicted defendant, upon a jury verdict, of animal cruelty (eight counts), inadequate shelter (54 counts) and cruelty to animals for failing to seek veterinary care (four counts), and imposed sentence. The appeal brings up for review the denial, after a hearing, of the branches of defendant's omnibus motion seeking to suppress physical evidence and defendant's statements. By decision and order dated December 13, 2018, this court remitted the matter to the City Court to report on an undecided question as to the applicability of attenuation principles to the suppression of evidence, and the appeal was held in abeyance in the interim (see People v Panetta, 62 Misc 3d 29 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). The City Court has filed its report.




ORDERED that the judgment of conviction is reversed, on the law, the order denying the branches of defendant's omnibus motion seeking to suppress physical evidence and defendant's statements is vacated, those branches of defendant's motion are granted, the accusatory instrument is dismissed, the portion of the sentence ordering restitution is vacated, and the fines, if paid, are remitted.
Defendant appeals from a judgment convicting her, upon a jury verdict, of eight counts of animal cruelty (Agriculture and Markets Law § 353), 54 counts of inadequate shelter (Agriculture and Markets Law § 353-b), and four counts of cruelty to animals for failing to seek veterinary care (Code of the Town of Wallkill § 70-18). The appeal from the judgment brings up for review the denial, after a hearing, of the branches of defendant's omnibus motion seeking to suppress physical evidence and defendant's statements. In this court's 2018 decision and order on this appeal (People v Panetta, 62 Misc 3d 29), it was determined that, contrary to the City Court's finding, the police officers' initial warrantless entry onto defendant's property represented an illegal search that was not justified by the emergency exception to the warrant requirement. However, this court found that there remained an undecided question as to whether the initial and supplemental search warrants subsequently executed at defendant's property, which had resulted in the seizure of the evidence upon which the numerous charges against defendant were based, derived from information and circumstances sufficiently attenuated from the initial illegality to support the convictions. Consequently, this court remitted the matter to the City Court for a new determination of the branches of defendant's omnibus motion seeking to suppress physical evidence and defendant's statements, and thereafter to report to this court advising of the new determination. The appeal was held in abeyance in the interim. The City Court has filed its report in which, invoking considerations of good faith, the passage of time, police caretaking authority (see People v Tardi, 28 NY3d 1077 [2016]), and independently obtained evidence (see People v Conyers, 68 NY2d 982 [1986]), the court concluded that the illegality of the warrantless entry and of the search and seizures of evidence pursuant to a warrant that had issued hours later was attenuated. 
Evidence seized pursuant to the execution of a warrant based on information obtained by a prior, illegal warrantless search must be suppressed unless sufficiently attenuated from the illegal search (see People v Burr, 70 NY2d 354, 361 [1987]).The determination of whether there has been attenuation, by which the taint of an initial illegality may be "purged" (People v Conyers, 68 NY2d at 983) or "dissipate[d]" (People v Jones, 21 NY3d 449, 452 [2013]) by intervening events, requires consideration of the temporal proximity of the initial illegality, the presence or "absence of intervening circumstances," and "the purpose and flagrancy of the police misconduct" (People v Harris, 77 NY2d 434, 441 [1991]; see People v Bradford, 15 NY3d 329, 333 [2010]; People v Conyers, 68 NY2d at 983). In the case of search warrants, an independent source may provide the necessary intervening circumstance that dissipates the taint of an initial illegality (see People v Burr, 70 NY2d at 361 ["When the police act illegally during the process of obtaining evidence, that evidence may nonetheless be admissible if gained from an independent source without taint or exploitation of the illegality by the police"]). However, the Burr court cautioned that even "[t]he presence of an independent source for the warrant and subsequent search . . . does not automatically immunize an initial warrantless search and insure the admissibility of evidence eventually seized pursuant to the warrant" (id. at 362); rather, to deny suppression, there must be a showing that the "connection" between the initial illegality and the subsequent seizure was insufficient to establish that the People have "somehow exploited or benefitted from [the] illegal conduct" (id.; People v DelRio, 220 AD2d 122, 131 [1996] [to determine "whether an illegal search taints a subsequent legal search pursuant to a search [*2]warrant, one must determine whether the decision to seek the search warrant was 'prompted' by what was seen during the illegal search"], citing Murray v United States, 487 US 533, 542 [1988]). 
In the case at bar, the initial warrant of March 6, 2012, executed only hours after the officers' illegal entry onto defendant's premises, was entirely dependent on observations that had been made during the illegal entry. A review of the second warrant, although issued 55 days after the illegal first warrant, reveals that the affidavit upon which it was based asserted little more than the evidence previously and illegally seized or observed in plain view. Consequently, we disagree with the City Court's finding upon remittal from this court, as there was no substantial independent source of
information sufficient to sustain the warrants (cf. People v Arnau, 58 NY2d 27 [1982] [the validity of a warrant and search may be upheld where sufficient untainted information existed which, considered alone, established probable cause]; People v Vazquez, 159 AD3d 517 [2018] [warrantless search of cell phone did not prevent application of valid warrant to search the phone where probable cause for same existed prior to the illegal search]). Thus, the branches of defendant's motion seeking to suppress all the physical evidence and statements should have been granted. 
Since, in the absence of the suppressed evidence, there is insufficient evidence to prove defendant's guilt, the charges must be dismissed (see People v Severino, 126 AD3d 1015 [2015]; People v Harris, 122 AD3d 942 [2014]).
Accordingly, the judgment of conviction is reversed, the order denying the branches of defendant's omnibus motion seeking to suppress physical evidence and statements is vacated, those branches of defendant's motion are granted, and the accusatory instrument is dismissed.
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2020