People v Soler (2020 NY Slip Op 07404)





People v Soler


2020 NY Slip Op 07404


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-09293
 (Ind. No. 4257/15)

[*1]The People of the State of New York, respondent,
v
Wagner Soler, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered July 6, 2017, convicting him of attempted criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing (Michael Gary, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
At a suppression hearing, police officers testified that on April 16, 2015, at approximately 12:30 p.m., they were conducting a street narcotics enforcement unit operation. One of the officers was stationed at an observation post in the third floor hallway of an apartment building, across the street from a deli. He observed the defendant standing near a vehicle that was parked near the deli. The officer testified that there was "something heavy on one of the sides" of the defendant's sweatshirt pocket, which caused the pocket to "sag[ ]," and that he believed the object was a gun. The officer radioed this information to a second officer who was stationed in an unmarked vehicle parked near the deli.
The defendant ultimately entered the vehicle and drove away, followed by the second officer in the unmarked vehicle. When the defendant stopped his vehicle, the second officer stopped behind the defendant's vehicle. Both the defendant and the second officer exited their respective vehicles at the same time, and faced each other. The second officer testified that the defendant had his hands "[a]t his side," and that he saw a heavy, L-shaped object in the defendant's front sweatshirt pocket, which he believed to be a gun. The second officer approached the defendant and said something along the lines of "what's this or what is that," and "reached" for the item in the defendant's sweatshirt pocket, but before the officer made contact with the pocket, the defendant fled the scene, and discarded a gun in the course of his flight.
The Supreme Court found that the officer was permitted to touch the L-shaped bulge in the defendant's sweatshirt pocket as a "self-protective minimal intrusion within the scope of a common-law inquiry," and denied that branch of the defendant's omnibus motion which was to [*2]suppress physical evidence. Thereafter, the defendant pleaded guilty to attempted criminal possession of a firearm in full satisfaction of the indictment. The defendant appeals.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545). When explaining the waiver of the right to appeal, the Supreme Court stated, inter alia, that as a result of the waiver, the defendant was "giving up [his] independent right to appeal [his] case to a higher court," and that the case "ends here" upon sentencing. These statements incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 564; People v Christopher B., 184 AD3d 657, 659; People v Wilson, 183 AD3d 922). The written waiver of the right to appeal, which stated that the sentence and conviction would be final, did not correct the defect.
On the merits, that branch of the defendant's omnibus motion which was to suppress physical evidence should have been granted. The officer was justified in conducting a common-law inquiry, and the officer was permitted to ask the defendant if he was carrying a weapon (see People v Garcia, 20 NY3d 317, 324; People v Casey, 149 AD3d 770, 770; People v Harris, 122 AD3d 942, 944; People v Guarino, 267 AD2d 324, 325). However, the officer was not justified in attempting to touch the defendant's sweatshirt pocket as a minimally intrusive self-protective measure, since the defendant did not engage in any conduct justifying such an intrusion (see People v Harris, 122 AD3d at 944; People v Butler, 127 AD3d 623, 624). The defendant's response of fleeing and discarding the gun was not "an independent act involving a calculated risk attenuated from the underlying [illegal] police conduct" (People v Smalls, 83 AD3d 1103, 1104).
Accordingly, we reverse the judgment, grant that branch of the defendant's omnibus motion which was to suppress physical evidence, dismiss the indictment, and remit the matter to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court